IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-10-CR-0232-M(07) |
| | § | NO. 3-12-CV-1393-M-BD |
| VALENTIN MORILLOS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Valentin Morillos, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 846 & 841(b)(1)(C). Punishment was assessed at 168 months confinement followed by a three-year term of supervised release. Although defendant waived his right to appeal and to seek post-conviction relief, he appealed his conviction and sentence. The appeal was dismissed as frivolous. *United States v. Morillos*, 454 Fed.Appx. 381, 2011 WL 6379314 (5th Cir. Dec. 21, 2011). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In one broad ground for relief, defendant contends that he received ineffective assistance of counsel at sentencing because his attorney did not present a videotape of a post-arrest interview that

-1-

would have contradicted the testimony of a government witness about the volume of defendant's drug sales.[1]

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice -- that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

B.

In the PSR, the probation department initially determined that 104 ounces, or 2.95 kilograms, of heroin should be attributed to defendant for sentencing purposes. (*See* Gov't Resp. App., Exh. 4, PSR at 3, ¶ 33). That estimate was based on statements made by defendant during a post-arrest

---

[1] The plea agreement allows defendant to seek post-conviction relief on the grounds of ineffective assistance of counsel. (*See* Gov't Resp. App., Exh. 1, Plea Agr. at 4, ¶ 10).

interview with law enforcement, wherein he allegedly admitted selling at least one ounce, or 28.35 grams, of heroin to Marcus Washington "once or twice each week for at least two years." (*Id.*). Both the government and defendant objected to the total drug quantity contained in the PSR. The government argued that defendant should be held responsible for 107 ounces, or 3.03 kilograms, of heroin because, by his own admission, defendant remembered selling two ounces of heroin to Washington on three occasions. (*Id.*, Exh. 5, Gov't Obj. to PSR at 1). Defendant generally objected to the drug quantity computation and requested an evidentiary hearing. (*Id.*, Exh. 6, Def. Obj. to PSR). The probation department agreed with the government and revised the PSR to hold defendant accountable for 107 ounces, or 3.03 kilograms, of heroin. (*Id.*, Exh. 7, PSR Add. at 1). At the sentencing hearing, defense counsel told the court that defendant did not agree with the revised drug quantity computation because he "does not agree that that is what he said" during the interview with law enforcement. (*Id.*, Exh. 8, Sent. Tr. at 6). However, counsel declined to offer any testimony or evidence to support his objection. (*Id.*). The court then asked Detective Land, the officer who interviewed defendant, if the information contained in the PSR and the addendum were correct. (*Id.*). Land confirmed that defendant admitted selling at least one ounce of heroin to Washington once or twice a week for at least two years, and remembered three occasions when he sold two ounces of heroin to Washington. (*Id.*). Based on this testimony, the court overruled defendant's objection to the PSR and accepted the drug quantity computation contained in the addendum. (*Id.*, Exh. 7, Sent. Tr. at 6-7). Defendant was sentenced to 168 months confinement -- the minimum guideline sentence for a level 33 offense and a category III criminal history score. (*Id.* at 7, 17).

In his section 2255 motion, petitioner alleges that he actually told Land "that he remembered 3 separate occasions where he sold two or three ounces of heroin. He did not say that he sold one

ounce of heroin, once or twice a week, for at least two years." (*See* Def. Br. at 7). Had counsel presented the videotaped interview at sentencing, defendant believes that the court would have overruled the government's objection to the PSR and calculated his sentence based on a lower drug quantity. Defendant is correct, in part. The videotape reveals that defendant never admitted selling heroin to Washington for "at least" two years. Rather, defendant said that he sold heroin to Washington for "a year or two." (*See* Gov't Resp. App., Video Ex. B). However, the videotape also reveals that defendant admitted selling an ounce of heroin to Washington about "once or twice a week." (*See id.*, Video Ex. C). In determining the amount of drugs attributable to defendant, the probation department based its calculation on only one, one-ounce transaction each week for two years, plus three transactions where defendant allegedly admitted selling two ounces of heroin to Washington. Had the videotape been presented to the sentencing court, the judge might have been less likely to accept the conservative estimate that defendant sold drugs to Washington only once a week. Thus, counsel's decision not to present the videotape was not unreasonable. *See Kitchens v. Johnson*, 190 F.3d 698, 702-03 (5th Cir. 1999) (tactical decision not to present mitigating evidence that might be "double-edged" in nature was objectively reasonable).

Even if defense counsel was ineffective in this regard, defendant was not prejudiced. Other information in the PSR indicates that Washington purchased between half an ounce and two ounces of heroin from defendant "approximately three to four times per week." (*Id.*, Exh. 4, PSR at 7, ¶ 30). One co-defendant reported buying tar heroin from defendant "for approximately eight years." (*Id.*, Exh. 4, PSR at 7, ¶ 31). In view of this evidence, none of which was challenged by the defense, there is no basis for concluding that defendant was subjected to increased jail time because his attorney failed to present the videotape at sentencing. *See Richardson v. United States*, 379 F.3d 485, 488-89

-4-

(7th Cir. 2004) (defendant was not prejudiced by counsel's failure to challenge evidence where government had ample additional unchallenged evidence that would have proved its case).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE